IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Marteen Reed White <br> Gregory White <br><br> Plaintiff <br><br> v, <br><br> Sierra Auto Financing LLC <br> Central Autohaus & Roberts Group <br><br> Defendant(s) | § § § § § § § § § § § § § § | Civil No. No. <br><br> 3-15CV2822-B |

Plaintiffs Original Complaint

---

## Introduction

1.  Plaintiffs, Marteen Reed-White and Gregory White are marry persons, both are individual and are citizens of the State of Texas.

2.  Defendants Sierra Auto Financing LLC, Roberts Group and Central Autohaus are corporations that are incorporated under the laws of Texas. Defendant(s) have their principal places of business in the State of Texas. Service of process on defendant Sierra Auto Financing LLC, may be made on Donald L. Turbyfill Esq. 4801 Woodway, Suite 420-West Houston Texas, 77056 – 1805. In the alternative, all other defendants maybe served according to the FRCP and the laws of the state of Texas by serving Hope Andrade the Secretary of State for the State of Texas.

### A.
### Federal Question

3.  The court has jurisdiction over the law suit in accordance's with Title(s) 49 U.S.C. § 32703 (a) (pedicle 2000); 40 9C. F. R. Subsection 580.5 (Federico 2000) also because all the defendant's are subject to (18 U.S.C. §§ 1341, 1343) and are each Corporation. Further, "Venue" is proper in the Northern District of Texas, Dallas Division, pursuant to 28U.S.C. §1391(b), because a substantial part of Defendant's unlawful acts ensue there.

B.
## Breach of Contract

4. Immediately after the purchase the automobile on or about February 5, 2013 both plaintiffs then requested a copy of the title contract documents and warranties . The misrepresentation by the defendants and the apparent detrimental reliance of the plaintiffs. Both plaintiffs suffered loss of income and several "mental anguish" while being fundamentally unable to conduct family business or cares of their three minor children, since discovering the defective engine and odometer violation by not receiving the benefit of the contractual bargain.

5. Causing the plaintiffs to transport the automobile to M and M auto repair Inc. these actions by the defendants failed to yield the plaintiffs the "fundamental benefit of the bargain" and selling a vehicle that was "not fit for the purpose intended" and had the odometer rolled back providing clearly false information. See exhibit A motor vehicle retail installment sales contract summer finance charge) What's more causing plaintiff to seek restitution with regard to the deprivation of the full value of the amounts they paid for, as part of the purchasing price of their automobiles.

6. The defendant(s) Sierra Auto Financing LLC, Roberts' Group and Central Autohaus persist in breaching the parties agreement by failing: to respond or comply with the Plaintiffs copious request to fulfill the terms of the motor vehicle retail installment, sales contract dated February 5, 2015, in addition, to "reasonable" compliance with Title 49 U.S.C section 32703.

7. The plaintiffs after giving notice, while allowing curative action to all defendants as a condition precedent to this action, the defendants including but not limited, to Central Autohaus and Sierra Auto Financing LLC, by and through their attorney of record Donald L Turner Esq., did individually and "collectively, intentionally and knowingly" , fall short by not attend to the ongoing concerns, attendant to undeniably clear "deceptive trade practice(s) by co-defendants. The defendants' Sierra Auto Financing LLC forthwith, after notice from counsel, in retaliation for seeking his rights as announced by congress in the odometer law, was given notice of "intent to accelerate" the note and repossess the subject property. Moreover, Sierra Auto Financing has instituted an action in state court for sequestration of the property/evidence in question.

C.
## Breach of Implied Warranty

8. Plaintiff Marteen Reed White and Gregory White once again requested that the undisclosed engine not been aware of the ongoing violations of the Federal Odometer Act. was directly related to the automobile should have been covered by all warrantees of "implied to be fit for the purpose intended" and as such is merchantability as authorized under Uniform Commercial Code section 2-314. Defendants by and through their co-

conspirators Roberts Group and Central Autohaus advertised car had low mileage and having good title. The imply warranty of merchantability was clearly knowingly, intentionally and misrepresented to the plaintiff's by denting any at all warranty service request by the defendants Central Autohaus.

9.    Plaintiff Marteen Reed White and Gregory White After subsequent and numerous breakdown requiring hundred of dollars out of pocket expenses. Left no alternative but to obtain analysis by a licensed mechanic, who then recommended and he "replace the engine, rear main seal, crankshaft front seal, power steering fluid transmission fluid" immediately. At the outstanding market cost adding to the pain suffering loss wages, compensatory, punitive damages and out-of-pocket cost .

10.    On or about November 13, 2013 both plaintiffs sought information from defendant Central Autohaus to clarify the damages to the recently purchased motor vehicle, 2007 Nissan Armada four-door wagon sport-utility with rear drive vehicle identification number 5N1B08897N703432. Neither, the defendant Roberts Group, Central Autohaus nor Sierra Auto Financing demonstrated any enthusiastic concern and able to adequately respond to the numerous questions regarding title discrepancy, injure, cost and ongoing out-of-pocket damages .

11.    Plaintiff Marteen Reed White and Gregory White needing a working vehicle and after discussing a new purchase with Clay Cooley, Nissan of Dallas Texas plaintiffs "White(s)", acquired a Carfax automobile report, which unmistakably specified that on or about August 20, 2010, Daytona Nissan Isuzu of Daytona Beach, Florida had registered the vehicle in questions odometer at 111,814 miles. This undoubted discrepancy in mileage when purchased by the plaintiffs, of 53,871 miles, undeniably, placed into question statements and representations made by the defendants agents of Roberts Group, Sierra Financing LLC and Co-Conspirator Central Autohaus in their fraudulent sale coupled with the competence of the car "to be fit for the purpose intended" was subject to misrepresentation as well as a deceptive trade practice.

12.    However, or about February 5, 2013 Carfax automobile report coupled with the Texas Department of Motor Vehicles identification, indicates that the automobile in question when soul to the plaintiffs odometer reading 53,871 miles. The car report certificate also indicates that the inspection was concerned about the mileage assessment or mileage consistently.

13.    Specifically, *defendants Sierra Auto Financing and* its agents *"violated Plaintiffs rights"* under the provisions of the "Madison Mosque" implied warranty under section 310 (D) is undoubtedly, clear that the warranty covered by the act of those created by state law this violation raises a cause of action which is available under the implied warranty.

D.
## Violation of Odometer Fraud/ Conspiracy

14.     Furthermore, the court has jurisdiction pursuant to this cases should be decided within the "constructs" of the Federal Odometer Act, 49 U.S.C. § 32701 et seq). The facts and circumstances clearly, there was the intent to defraud when the dealer and its agents certified the car's mileage. Defendants' The Roberts Group as well as Central Autohaus, together made "continual misrepresentations" to further "induce" the plaintiff's. Agents for both Co-Defendant at the time, the statement were misrepresentations to the buyers, that the mileage was 53,871 miles, done clearly without investigating its mileage, history when there were sufficient materials, and easily discoverable, facts to make the dealer suspicious of the mileage claim represented on the odometer of the vehicle.

15.     Plaintiffs White's incorporate the foregoing paragraph by reference as if fully set forth herein. This cause of action is sought against defendants Sierra Auto Financing ,Central Autohaus and The Roberts Group, jointly and severally conspired by the actions to defraud the plaintiffs by way of concealment and omissions inducement to the original and sale of automobile.

16.     The White's further allege that the concealment as described above constitute material misrepresentation or/and omission of fact for the reason that but for the misrepresentation or omission the defendants would not have permitted the purchase of the automobile without certified odometer and clear title.

17.     Each and every one of the misrepresentations and omissions by the defendants relied upon to the detriment of the plaintiffs, causing substantial injury and damages and each and every misrepresentation and/or mission were specifically to further the conspiracy and fraud by way of inducing the plaintiffs to purchase the automobile.

18.     By reason of plaintiff's reasonable reliance upon the misrepresentation and fraudulent concealment of material facts regarding the odometer, the plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this court.

19.     The White's further allege that by reason the defendants and their agents knew or should have known, that the misrepresentation and omissions were material as described above, were false and misleading at the time they were made, the misrepresentations or omission were willful and malicious and in concert this conduct, for which the law allows the imposition of exemplary damages in this connection the plaintiffs would show that they acquired significant expenses including attorney's fees, in investigating and prosecuting this action accordingly the plaintiffs requesting summary damages be awarded against the defendants the maximum amount allowed by law.

## Prayer

For these reasons, plaintiff asks that the court do the following:

A. Plaintiff asks the court to compel the Defendants to participate in court Order Arbitration pursuant to Federal Arbitration Act and Rules of Arbitration pay attorneys fees any other parties or Co-conspirators.

B. Plaintiffs be allowed to amend their original complaint

C. Enter Judgment for plaintiff in the amount of 75,000.00.

D. Punitive damages in the amount of $150,000

   exemplary damages amount of $500,000

E. Award cost of court

F. Grant any other relief it deems appropriate.


Respectfully submitted,

By: _____
Bruce B. McLeod III Esq.
State Bar # 978256
1825 Market Center Blvd
Suite # 600-B
Dallas, Texas 75207
mcleodbma@aol.com
Tel 214/760-1989
Fax 214/760-1943

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served electronically upon each party August 30, 2015, to:

Donald L. Turbyfill Esq.
4801 Woodway, Suite 420-West
Houston Texas, 77056 – 1805
Fax: 713-586-7053

/S/ Bruce B. McLeod III Esq.
Bruce B. McLeod III Esq.

Page 6 of 6

*2015 Original Petition*
*White v Serriera, Robert et al*

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

3-15CV2822-B

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Marteen Reed White
Gregory White

**(b)** County of Residence of First Listed Plaintiff     Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bruce B. McLeod III Esq. P.C.
1825 Market Center Blvd. Suite 600-B
Dallas, Texas 75207

### DEFENDANTS
Sierra Auto Financing
Central Autohaus & Roberts Group

ORIGINAL

County of Residence of First Listed Defendant     Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Donald L. Turbyfill Esq.
4801 Woodwaym Suite 420-West
Houston, Texas 77056-1805

RECEIVED
AUG 3 1 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title(s) 49 U.S.C. A§ 32703 (a) (2000); 40 9C. F. R. Subsection 580.5 (2000)
Brief description of cause:
Violation of Federal Odometer Act., DPTA, Breach of Contract, Breach Implied Warranty

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
725,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

### VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  8/30/15
SIGNATURE OF ATTORNEY OF RECORD  *Bruce B. McLeod*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____