UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTEEN REED WHITE, and | § | |
| GREGORY WHITE, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:15-CV-2822-B |
| | § | |
| SIERRA AUTO FINANCING, LLC, and | § | |
| CENTRAL AUTOHAUS & ROBERTS | § | |
| GROUP, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    Before the Court are Defendant Sierra Auto Finance, LLC's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process [D.E. 7], Motion for the Court's Abstention and Dismissal [D.E. 18], and Supplemental Motion for the Court's Abstention and Dismissal [D.E. 29]. These motions were referred by the District Court to the Magistrate Judge for recommendation. Order [D.E. 35]. Based on the parties' briefing, the undersigned recommends as follows.

**MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

    Defendant Sierra Auto Finance, LLC ("Sierra") filed a motion to dismiss based on insufficient service of process. Def.'s Mot. [D.E. 7]. In its motion, Sierra argues that Plaintiffs Marteen Reed White and Gregory White's (collectively, the "Whites") initial attempt to serve their original complaint on Sierra was defective because the Whites improperly mailed it to Sierra's post office box, instead of serving Sierra's registered agent. *Id.* [D.E. 7 at 1-2]. The Whites did not file a response, but notice of proof of service was filed on November 24, 2015. Notice [D.E. 15]. This notice indicates that proper service was executed upon an individual lawfully designated to accept

1

service of process on behalf of Sierra. *Id.* [D.E. 15 at 1]. As such, Defendant's objection to service of process has been mooted. *See id.* [D.E. 15 at 1]. Therefore, the undersigned recommends that Sierra's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process [D.E. 7] be **DENIED as moot**.

## SIERRA'S MOTION FOR THE COURT'S ABSTENTION AND DISMISSAL

Sierra moves for the Court to abstain from exercising its jurisdiction over the case at hand and dismiss the matter in deference to the concurrent state court proceeding. Def.'s Mot. [D.E. 18 at 10]. The undersigned notes that Sierra has filed a supplemental and updated motion regarding the same procedural issues. *See* Def.'s Mot. [D.E. 29]. Therefore, the undersigned recommends that Sierra's Motion for the Court's Abstention and Dismissal [D.E. 18] be **DENIED as moot**.

## SIERRA'S SUPPLEMENTAL MOTION FOR THE COURT'S ABSTENTION AND DISMISSAL

As stated above, Sierra moves for the Court to abstain from exercising its jurisdiction over the case at hand and dismiss the matter. Def.'s Mot. [D.E. 29 at 1]. However, in Sierra's supplemental motion, it requests that the case be dismissed not because there is a concurrent state court proceeding, but because there is now a final default judgment in the state court proceeding. *Id.* [D.E. 29 at 1]. Based on the principal of res judicata, Sierra asks the Court to dismiss it as a party in the above-styled case. *Id.* [D.E. 29 at 7]. The Whites respond that abstention is only proper when the "Younger"[1] standards are met. Pls.' Sur-Reply [D.E. 34 at 2]. The Whites argue that "[u]nder [this] three prong test the Defendant[']s motion is woefully inadequate and must be [denied]." *Id.* [D.E. 34 at 2]. However, the Whites fail to specify where Sierra's motion is inadequate based on

---

[1] The undersigned assumes that the Whites refer to *Younger v. Harris*, 401 U.S. 37 (1969).

the *Younger* standards. *See id.* [D.E. 34]. The Whites also fail to address Sierra's arguments regarding res judicata. *See id.* [D.E. 34].

## Legal Standards

"[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns., Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Furthermore, "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in deference to the States. *Id.* (quotations omitted). Circumstances in which federal-court abstention is required include: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* (internal quotations omitted). However, if a judgment is reached in either the state or the federal action, the principal of res judicata bars "all claims that were or could have been brought in the original suit." *Hogue v. Royse City*, 939 F.2d 1249, 1253 (5th Cir. 1991). This includes compulsory counterclaims. FED. R. CIV. P. 13(a).

## Analysis

In the case at hand, Sierra has a final default judgment against the Whites, issued by a Dallas County District Court. Default J. [D.E. 30-2]. Under the principal of res judicata, all of the White's state claims brought in federal court and included in their Original Complaint against Sierra are now barred. *See Hogue,* 939 F.2d at 1253. Sierra also argues that the White's Federal Odometer Act claim is also barred by res judicata, as well. Def.'s Mot. [D.E. 29 at 4-8]. The Federal Odometer Act (the "Act") permits civil actions by private citizens to be brought "in an appropriate United States district

3

court or in another court of competent jurisdiction." 49 U.S.C. § 32710(b). Because a Dallas County District Court is a court of competent jurisdiction, the Whites could have included their Act claim as a compulsory counterclaim. *See id.* Therefore, this cause of action is also barred by the principal of res judicata. *See* FED. R. CIV. P. 13(a). As such, the Whites should not be able to bring their Act claim against Sierra in federal court. *See Hogue,* 939 F.2d at 1253. Accordingly, the undersigned recommends that Sierra's motion be **GRANTED** and all claims brought by the Whites against Sierra be dismissed.

## RECOMMENDATION

For the reasons stated, the undersigned recommends that the District Court **DENY as moot** Sierra's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process [D.E. 7], **DENY as moot** Sierra's Motion for the Court's Abstention and Dismissal [D.E. 18], and **GRANT** Sierra's Supplemental Motion for the Court's Abstention and Dismissal [D.E. 29].

**SO RECOMMENDED**, this 21st day of April, 2016

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).