UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTEEN REED WHITE, and GREGORY WHITE, | § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:15-CV-2822-B |
| SIERRA AUTO FINANCING, LLC, and CENTRAL AUTOHAUS & ROBERTS GROUP, | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs' Application for Motion to Compel Arbitration [D.E. 13]. This motion was referred by the District Court to the Magistrate Judge for recommendation. Order of Reference [D.E. 14]. Based on the parties' briefing, the undersigned recommends as follows.

In their motion, Plaintiffs Marteen Reed White and Gregory White (collectively, the "Whites") request that Defendants Sierra Auto Financing, LLC and Central Autohaus & Roberts Group be compelled to participate in arbitration. Pls.' Mot [D.E. 13]. Defendant Sierra Auto Financing, LLC has been removed from this action because the Whites' claims against it are barred by res judicata. Order [D.E. 38]. This leaves only Autohaus & Roberts Group (collectively "Autohaus") as defendants. *Id.* [D.E. 38].

Autohaus filed a response that simply states that it "joins in and adopts Defendant Sierra Auto Finance LLC's Response to Plaintiffs' Motion To Compel Arbitration as its Response to Plaintiff's Motion to Compel Arbitration." Def.'s Resp. [D.E. 26]. In reviewing Sierra's response, Sierra admits that the Whites "signed a Motor Vehicle Retail Installment Sales Contract . . . to

1

purchase" a vehicle from Autohaus. Def.'s Resp.. [D.E. 25 at 2]. Sierra further admits that the contract between Autohaus and the Whites had an arbitration clause. *Id.* [D.E. 25 at 2].

The Supreme Court has held that federal policy favors arbitration as a method of dispute resolution. *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 174 (5th Cir. 2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Jones v. Halliburton Co*, 583 F.3d 228, 235 (5th Cir. 2009) (quotations omitted).

## RECOMMENDATION

Because Autohaus adopted a response that concedes that it had a contract with the Whites, and that contract had an arbitration clause, the undersigned recommends that the Whites' Application for Motion to Compel Arbitration [D.E. 13] be **GRANTED in part**. Central Autohaus & Roberts Group should be ordered to participate in arbitration with the Whites. However, the undersigned does not recommend that Sierra Auto Financing, LLC be compelled to arbitration because Sierra Auto Financing, LLC has been dismissed from this action.

**SO RECOMMENDED,** this 4th day of May 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).